**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **OSAFFO JESSAMY,** | No.: 3:20-CV-00125 |
| **Plaintiff,** | |
| v. | |
| **CSAA FIRE & CASUALTY INSURANCE CO.** | |
| **Defendant.** | |
| | JANUARY 28, 2020 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), respectfully submits this Notice of Removal of the above-captioned action to this Court from the Connecticut Superior Court for the Judicial District of Hartford, where it is now pending. In support hereof, CSAA respectfully submits the following short and plain statement of the grounds for removal:

1.     The Plaintiff, Osaffo Jessamy ("Plaintiff"), commenced this action in the Connecticut Superior Court for the judicial district of Hartford by complaint dated January 7, 2020, returnable on January 28, 2020. Return of service to state court was made on January 9, 2020 and the case was assigned Docket No. HHD-CV20-6122347-S. A copy of all process, pleadings, and other documents served upon CSAA in state court are appended as <u>Exhibit 1</u>.

2. CSAA was served on January 8, 2020. It first received notice of the complaint on or about January 14, 2020. Accordingly, this removal is timely under 28 U.S.C. § 1446(b).

3. This is a civil action for money damages arising from CSAA's alleged breach of an insurance contract and breach of the duty of good faith and fair dealing.

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and, therefore, this action is properly removable from the state court to this Court pursuant to 28 U.S.C. § 1441(a).

5. At the time of the commencement of this action in the state court, and since that time, CSAA was, and still is, incorporated and existing under the laws of the State of Indiana and has a principal place of business at 3055 Oak Road, Walnut Creek, CA 94597. Accordingly, CSAA is a citizen of Indiana and California.

6. At the time of the commencement of this action in the state court, and since that time, the Plaintiff was, and still is, a citizen of the State of Connecticut.

7. The "initial pleading" seeks an unspecified money judgment, including but not limited to compensatory damages, punitive damages, and attorney's fees. 28 U.S.C. § 1446(c)(2). In accordance with applicable state practice, which "permits recovery of damages in excess of the amount demanded," the "initial pleading" states that the amount in demand is in excess of $15,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(A); *see Luce v. Kohl's Dep't Stores, Inc.*, 23 F.Supp.3d 82, 84–85 (D. Conn. 2014), citing Conn. Gen. Stat. § 52-91 ("state court plaintiffs in Connecticut need not allege damages with particularity; even for cases of unquestioned serious injury, Connecticut law requires a plaintiff to allege no more than that the amount in demand exceeds $15,000").

8. From the face of Plaintiff's complaint, "it appears to a reasonable probability that [his] claim is in excess of the statutory jurisdictional amount" of $75,000." *United Food & Commercial Workers Union, Local 919, AFL-CIO* v. *CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2d Cir. 1994). In paragraph 21 of his complaint, for example, Plaintiff alludes to settlement offer in excess of $75,000 that he characterizes as covering only "part of the plaintiff's claim." Exhibit 1, Plaintiff's Complaint, 1/7/2020, ¶ 21. CSAA, therefore, respectfully submits that the amount in controversy exceeds the statutory jurisdictional amount of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1446(c)(2)(A).

9. CSAA will provide written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

10. A copy of this notice will be filed with the clerk of said Superior Court within and for the judicial district of Hartford as required by 28 U.S.C. § 1446(d).

11. CSAA respectfully requests the opportunity to be heard in connection with any issues raised concerning the propriety of this removal.

**Wherefore**, CSAA respectfully requests that the above-captioned action now pending in the State of Connecticut Superior Court, judicial district of Hartford, be removed to the United States District Court for the District of Connecticut.

DEFENDANT, CSAA FIRE & CASUALTY INSURANCE CO.,

BY /s/  Dennis M. Carnelli
Dennis M. Carnelli, Esq. (ct30050)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT  06510
Tel. (203) 821-2000
Fax (203) 821-2008
dcarnelli@npmlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of January, 2020, the foregoing Notice of Removal was filed with the Court electronically and served by regular first class mail, postage prepaid, upon counsel listed below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*Via Certified Mail and E-mail*
Reshona George, Esq.
The Law Offices of Keith McCabe
100 Pearl Street, 11th Floor
Hartford, CT 06103
T: (860) 256-0650
F: (860) 256-0651
reshona.george@sa-trial.com

 /s/  Dennis M. Carnelli
Dennis M. Carnelli (ct30050)

# EXHIBIT 1

| SUMMONS - CIVIL<br>JD-CV-1  Rev. 1-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |
|---|---|---|

**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>95 Washington Street, Hartford, CT 06106 | Telephone number of clerk<br>( 860 ) 548 – 2700 | Return Date *(Must be a Tuesday)*<br>**January 28, 2020** |
|---|---|---|
| [X] Judicial District    G.A.<br>[ ] Housing Session    [ ] Number: ____ | At *(City/Town)*<br>**Hartford** | Case type code *(See list on page 2)*<br>Major: **C**    Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**The Law Office of Keith McCabe** | Juris number *(if attorney or law firm)*<br>**433990** |
|---|---|
| Telephone number<br>( 860 ) 256 – 0650 | Signature of plaintiff *(if self-represented)* |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  [X] Yes  [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>**thelawofficeofkeithmccabe@stateauto.com** |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: **Osaffo Jessamy**<br>Address: **15 Beldon Street, Hartford Connecticut 60120** | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: **CSAA Fire & Casualty Insurance Company 3055 Oak Road Waltnut Creek, CA 94597 Agent for Service:**<br>Address: **Andrew Mais, Connecticut Insurance Commissioner 153 Market Street, 7th Floor, Hartford, CT 06103** | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>**01/07/2020** | Signed *(Sign and select proper box)* | [X] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>**Reshona George Esq.** |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | *For Court Use Only*<br>File Date |
|---|---|
| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |

Page 1 of 2

| | | |
|---|---|---|
| RETURN DATE: JANUARY 28,2020 | : | SUPERIOR COURT |
| OSAFFO JESSAMY | : | J. D. OF HARTFORD |
| V. | : | AT HARTFORD |
| CSAA FIRE AND CASUALTY INSUANCE COMPANY | : | JANUARY 7, 2020 |

## COMPLAINT

**FIRST COUNT: Breach of Contract**

1. At all relevant times mentioned herein, the plaintiff, Osaffo Jessamy, is an individual who owns a residence at 15 Beldon Street, Hartford, Connecticut ("The Premises").

2. At all relevant times mentioned herein, the defendant, CSAA Fire and Casualty Insurance Company, ("defendant CSAA"), was and remains an insurance company authorized to do business in the state of Connecticut.

3. At all times relevant herein, the defendant CSAA provided homeowners insurance coverage to the plaintiff for the premises.

4. The plaintiff made all required premium payments for the aforementioned insurance coverage.

5. On January 24, 2019, extensive damage to the premises was caused as a result of a defective pipe which caused a flood in the basement of the premises. Pursuant to the terms of the policy, the damage at the premises was a covered loss.

Law Office of Keith S. McCabe
100 Pearl Street, 11th Floor, Hartford, CT 06103
Phone: (860) 256-0650  Fax: (860) 256-0651

**Law Office of Keith S. McCabe**
100 Pearl Street, 11th Floor, Hartford, CT 06103
Phone: (860) 256-0650  Fax: (860) 256-0651

6. This water damage, was duly, timely, and formally reported by the plaintiff, to the defendant CSAA, for the purpose of making a claim under his homeowner's insurance policy. Despite the plaintiff's report of the flood in the basement, the defendant CSAA did not hire anyone to attempt to deal with the water problem and/or to attempt to take initial steps in order to dry the damage to the premises.

7. As a result of the claim made by the plaintiff, the defendant CSAA contracted a Leak Detection expert from American Leak Detection to inspect the premises to determine the cause of the water damage. The expert concluded that the cause of the flood in the basement was a defective pipe. The expert's report was provided to the defendant CSAA.

8. The defendant CSAA's independent adjuster and agent also visited the property to inspect the basement.

9. By letter dated June 13, 2019, despite clear and convincing evidence in the Leak Detection Report that the *cause* of the flood in the basement was a defective pipe, the defendant CSAA sent a letter to the plaintiff denying coverage based on the following reasons:

    a. "We reviewed the report submitted by K&J Heating & Cooling which stated that the cause of loss to be frozen pipes;"

Law Office of Keith S. McCabe
100 Pearl Street, 11th Floor, Hartford, CT 06103
Phone: (860) 256-0650  Fax: (860) 256-0651

    b. "The independent adjuster photos show that there is no door to the basement leaving it open to the outside;" and

    c. "There are no heating vents in the basement, so it does not appear that heat was maintained which allowed the pipes to freeze and cause water damage in the basement."

10. The defendant, CSAA, concocted unsubstantiated reasons in order to reach a conclusion in which to wrongfully deny the claim.

11. The denial was wholly improper because the defendant, CSAA, had a report from its own expert stating the cause of the flood was a defective pipe but decided to concoct a false reason for the cause of the flood.

12. Common sense dictates that the consequence of water damage in New England in the heart of winter would lead to frozen pipes. However, the defendant, CSAA simply took advantage of the situation not pay out on the covered claim.

13. On June 20, 2019, *after the claim was denied*, the plaintiff's attorney contacted CSAA's claim representative David Vaillancourt stating that the denial of the claim constituted a breach of contract and amounts to bad faith.

14. *After the claim was denied*, following letter from the plaintiff's attorney, this claim was then transferred to CSAA claim representative Constant Amos.

Law Office of Keith S. McCabe
100 Pearl Street, 11th Floor, Hartford, CT 06103
Phone: (860) 256-0650  Fax: (860) 256-0651

15. June 20, 2019, up through July 30, 2019, CSAA claim representative Constant Amos attempted to conduct a new investigation although the claim was already denied. She requested heating bills to prove that heat was maintained on the premises and also stated that the photographs showed that there was "no appropriate weatherproofing in the basement." This reinforces that a proper and thorough investigation was not completed and the defendant CSAA merely jumped on an opportunity to deny the claim.

16. No heating bills were requested prior to denial of the claim. While heating bills are irrelevant -as the cause of the loss was not frozen pipes. If such information had been requested, prior to denial of the claim, it would have been provided.

17. On July 26, 2019, *after the claim was denied*, plaintiff's counsel requested that CSAA claim representative Constant Amos provide the contact information for her manager.

18. On August 1, 2019, *after the claim was denied*, counsel for the plaintiff contacted CSAA Large Loss supervisor, Lisa Santoro, to discuss the bad faith denial of the claim.

19. On August 21, 2019, CSAA claim representative Constant Amos stated "this matter is being reviewed by our legal counsel. They will contact you to further discuss."

20. On August 29, 2019, *after the claim was denied*, counsel for CSAA contacted counsel for the plaintiff to discuss the bad faith denial of the claim.

21. November 6, 2019, *after the claim was denied*, without acknowledging that CSAA's claim representative David Vaillancourt reached a flawed conclusion despite clear and convincing evidence that the loss was covered, CSAA extended an offer in the amount of $85,405.00 offering to pay only for only part of the plaintiff's claim: despite the fact that the policy covered other expenses flowing from the loss.

22. November 13, 2019, *after the claim was denied*, counsel for CSAA requested documents with regard to the plaintiff's loss of rent claim, despite the fact that it knew that the premises was a three-family dwelling.

23. November 22, 2019, *after the claim was denied*, counsel for the plaintiff provided the requested documents.

24. December 2, 2019, *after the claim was denied* and despite clear and convincing evidence that the loss of rent claim is legitimate and a covered claim, CSAA in

Law Office of Keith S. McCabe
100 Pearl Street, 11th Floor, Hartford, CT 06103
Phone: (860) 256-0650  Fax: (860) 256-0651

Law Office of Keith S. McCabe
100 Pearl Street, 11th Floor, Hartford, CT 06103
Phone: (860) 256-0650  Fax: (860) 256-0651

yet again another effort to save money and not pay out on a covered claim requested the plaintiff to submit to an Examination Under Oath.

25. The defendant, CSAA, did not request the plaintiff to submit to an Examination Under Oath prior to the denial of this claim. This yet again supports the breach of its policy with the insured.

26. Despite the fact that the policy only called for an Examination Under Oath during an investigation and before a claim is denied, CSAA unreasonably requested the plaintiff to submit to an Examination Under Oath months after denying the claim.

27. The defendant, CSAA breached the contract by way of poor investigation and improper and wrongful denial of the plaintiff's claim.

28. The defendant, CSAA, has, therefore, breached its agreement with the plaintiff to provide coverage for the damage to the premises.

29. As a result of the defendant CSAA's breach the plaintiff has and will continue to suffer damages and losses.

30. The plaintiff has taken all action required of him on the policy in order to secure benefits to the fullest extent.

**SECOND COUNT: Breach of the Covenant of Good Faith and Fair Dealing**

1-30. Paragraphs 1through 30 of Count One are herein incorporated as paragraphs 1 through 30 of the Second Count.

31. The plaintiff and the defendant, CSAA are parties to a contract, specifically a homeowner's insurance policy for a three family dwelling, under which the plaintiff expected to receive benefits.

32. The defendant, CSAA, unreasonably and in bad faith sought out other policy provisions and interpreted these and other policy provisions in a matter for the purpose of intentionally denying benefits despite the aforementioned provisions of the policy conferring benefits.

33. The defendant CSAA's failure to fully pay the plaintiff for his damages was made in bad faith in one or more the following ways:

   a. The defendant, CSAA, both in its own right and through its agents, servants and employees breached its duty to pay the plaintiff's claim in good faith, and instead stated completely false reasons for the cause of the loss in an effort not to pay and deny the claim;
   b. The defendant, CSAA, intentionally and with a sinister motive denied the claim stating that the cause of the damage to the premises was frozen pipes when its own expert's report stated that the cause of the damage was a defective pipe;
   c. The defendant, CSAA failed to do a proper, prompt and thorough investigation as to the cause of the loss;

Law Office of Keith S. McCabe
100 Pearl Street, 11th Floor, Hartford, CT 06103
Phone: (860) 256-0650  Fax: (860) 256-0651

Law Office of Keith S. McCabe
100 Pearl Street, 11th Floor, Hartford, CT 06103
Phone: (860) 256-0650  Fax: (860) 256-0651

    d. The defendant, CSAA, denied the claim based on false and inaccurate information: specifically stating that there was no door to the basement when in fact the basement has two doors;

    e. The defendant, CSAA, denied the claim, in bad faith forced the plaintiff to hire an attorney to get payment for the claim;

    f. The defendant, CSAA, only offered the plaintiff to pay for part of his claim after he hired an attorney;

    g. The defendant, CSAA, only offer to pay for part of the claim after the plaintiff's attorney alleged that the claim was denied in bad faith;

    h. The defendant, CSAA, both in its own right and through its agents, servants and employees breached its duty to fully pay the plaintiff's claim in good faith. Even after the plaintiff's attorney got involved and it acknowledged bad faith conduct, instead of paying the full value of the claim it collected facts in an effort to not pay out on the full claim.

    i. The defendant, CSAA, both in its own right and through its agents, servants and employees intentionally and maliciously denied the claim thereby causing the plaintiff to expend money to hire an attorney;

    j. The defendant, CSAA, both in its own right and through its agents, servants and employees intentionally and maliciously did not pay out the full value of the claim, thereby causing the plaintiff to expend money in filing lawsuits and otherwise protecting his rights;

    k. The defendant, CSAA, both in its own right and through its agents, servants and employees intentionally and maliciously requested the plaintiff to present to an EUO knowing that the claim was denied and such investigation should have been done before the denial of the claim; and

    l. The defendant, CSAA, unfairly failed to effectuate a prompt, fair and equitable payment for the full claim, after it was clear that its employees acted in bad faith, thereby causing the plaintiff to institute litigation before recovering benefits clearly due under the policy.

34. As a direct and proximate result of the defendant's wrongful conduct and bad faith the plaintiff has been damaged and harmed.

WHEREFORE, The Plaintiff claim:

1. Compensatory damages;

2. Punitive Damages;

3. Cost of litigation, including attorney's fee and exemplary damages;

4. Interest; and

5. Such other relief as the Court may deem fair, just and equitable.

        THE PLAINTIFF,
        OSAFFO JESSAMY

        By:_____
        Reshona George, Esq.
        Law Office of Keith S. McCabe
        100 Pearl Street, 11th Floor
        Hartford, CT 06103
        Phone: (860) 256-0650
        Fax: (860) 256-0651

| | | |
|---|---|---|
| RETURN DATE: JANUARY 28, 2020 | : | SUPERIOR COURT |
| OSAFFO JESSAMY | : | J. D. OF HARTFORD |
| V. | : | AT HARTFORD |
| CSAA FIRE AND CASUALTY INSUANCE COMPANY | : | JANUARY 7, 2020 |

## STATEMENT RE: AMOUNT IN DEMAND

The amount, in demand in this case is greater than Fifteen Thousand Dollars ($15,000) exclusive of interest and costs.

        THE PLAINTIFF,
        OSAFFO JESSAMY

        By:_____
        Reshona George, Esq.
        Law Office of Keith S. McCabe
        100 Pearl Street, 11th Floor
        Hartford, CT 06103
        Phone: (860) 256-0650
        Fax: (860) 256-0651

Case 3:20-cv-00125-CSH   Document 1   Filed 01/28/20   Page 16 of 20

STATE OF CONNECTICUT}
                    } SS: HARTFORD,     JANUARY 8, 2020
COUNTY OF HARTFORD  }

Then and by virtue hereof, on the 8th day of January, 2020, I made due and legal service on the within named Defendant, **CSAA FIRE & CASUALTY INSURANCE COMPANY,** by leaving two (2) verified true and attested copies of the within original **Writ, Summons, Complaint, and Statement RE: Amount in Demand,** with and in the hands of Ashley Delillo, Secretary who is duly authorized to accept service for Andrew N. Mais, Insurance Commissioner for the State of Connecticut. Said Insurance Commissioner is the duly authorized agent to accept service for the within named Defendant, in the City of Hartford.

The within is the original, **Writ, Summons, Complaint, and Statement RE: Amount in Demand,** with my doings hereon endorsed.

FEES:                           ATTEST:

Pages          $ 24.00
Endorsements     2.80
Service         40.00
Travel           4.00           ALEX J. RODRIGUEZ
Ins. Comm.      50.00           STATE MARSHAL
                                HARTFORD COUNTY
Total         $ 120.80

Scanned with CamScanner



**Service of Process Transmittal**
01/10/2020
CT Log Number 536959107

| | |
|---|---|
| **TO:** | Custodian of Records<br>CSAA INSURANCE EXCHANGE<br>3055 Oak Rd MS W290<br>Walnut Creek, CA 94597-2098 |
| **RE:** | **Process Served in Connecticut** |
| **FOR:** | CSAA Fire & Casualty Insurance Company  (Domestic State: IN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | OSAFFO JESSAMY, Pltf. vs. CSAA FIRE AND CASUALTY INSUANCE COMPANY, Dft.<br>*Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Statement |
| **COURT/AGENCY:** | Hartford at Hartford Superior Court Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/10/2020 postmarked on 01/08/2020 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | on or before the second day after the Return Date, 01/28/2020 |
| **ATTORNEY(S) / SENDER(S):** | Reshona George<br>Law Office of Keith S. McCabe<br>100 Pearl Street, 11th Floor<br>Hartford, CT 06103<br>860-256-0650 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/10/2020, Expected Purge Date: 01/15/2020<br><br>Image SOP<br><br>Email Notification,  Custodian of Records  custodianofrecords@csaa.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / PP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# STATE OF CONNECTICUT
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

This is to certify that the foregoing is a copy of a process served upon me, a person in the office of the Insurance Commissioner of Connecticut, designated by him, pursuant to the statute in such cases made and provided, as one upon whom, in his absence, service of process may be made, upon an insurance company, corporation or association, with the same force and effect as though made on such commissioner personally.

January 08, 2020                                                                 11:12 am

*Insurance Commissioner*



# STATE OF CONNECTICUT
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

CSAA FIRE & CASUALTY INS CO
CT CORPORATION SYSTEM
67 BURNSIDE AVENUE
EAST HARTFORD, CT 06108-3408

**Pursuant to the statute in such cases made and provided, I forward herewith a copy of the process served as set forth in the certificate thereto attached.**

Respectfully yours,

*Insurance Commissioner*

# APPEARANCE
JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions** — *See Back/Page 2*

## Notice To Self-Represented Parties
*A self-represented party is a person who represents himself or herself.* If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:

☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

**Return date:** Jan-28-2020
**Docket number:** HHD-CV-20-6122347-S

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*
**JESSAMY, OSAFFO  v. CSAA FIRE & CASUALTY INSURANCE COMPANY**

☒ Judicial District  ☐ Housing Session  ☐ Small Claims  ☐ Geographic Area number ____

**Address of Court** *(Number, street, town and zip code)*
**95 WASHINGTON STREET HARTFORD, CT 06106**

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

**Name of self-represented party** *(See "Notice to Self-Represented Parties" at top),* or name of official, firm, professional corporation, or individual attorney
**NEUBERT PEPE & MONTEITH PC**

**Juris number of attorney or firm:** 407996

**Mailing Address** *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)*
**195 CHURCH ST 13TH FLOOR**

**Post office box:**
**Telephone number** *(Area code first):* (203) 821-2000

| City/town | State | Zip code | Fax number (Area code first) | E-mail address |
|---|---|---|---|---|
| NEW HAVEN | CT | 06510 | (203) 821-2008 | |

**in the case named above for:** *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

☐ The Plaintiff *(includes the person suing another person).*
☐ All Plaintiffs.
☐ The following Plaintiff(s) only: _____
☒ The Defendant *(includes the person being sued or charged with a crime).*
☐ The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
☐ All Defendants.
☐ The following Defendant(s) only: _____
☐ Other *(Specify):* _____
☐ This is a Family Matters case and my appearance is for: *("x" one or both)*
   ☐ matters in the Family Division of the Superior Court   ☐ Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. ☐ This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):* _____
   *(Name and Juris Number)*

2. ☐ This appearance is in addition to an appearance already on file.

**I agree to accept papers (service) electronically in this case under Practice Book Section 10-13**   ☐ Yes   ☒ No

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| ▶ 422754 | JOSEPH JAMES ANDRIOLA | Jan 28 2020 |

## Certification
I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Jan 28 2020** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

**Name and address of each party and attorney that copy was mailed or delivered to***
**MCCABE KEITH LAW OFFICE OF - 100 PEARL STREET/11TH FLOOR/HARTFORD, CT 06103**

*For Court Use Only*

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number |
|---|---|---|---|
| ▶ 422754 | JOSEPH JAMES ANDRIOLA | Jan 28 2020 | 203-821-2000 |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.